UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2011-113 (WOB-JGW)

DEBRA MEYERS                                            PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

NORTHERN KENTUCKY
UNIVERSITY                                              DEFENDANT

This is an employment discrimination case in which plaintiff alleges a claim for retaliation.

This matter is before the Court on defendant's motion for summary judgment (Doc. 36). The Court previously heard oral argument and, after further study, it now issues the following Memorandum Opinion and Order.

*Factual and Procedural Background*[1]

Plaintiff Debra Meyers ("Meyers") was hired as an Assistant Professor in the History Department at Northern Kentucky University ("NKU") in 2001.

In 2010, due to budget constraints, the Dean of NKU's College of Arts & Sciences decided to condense three administrative positions in his college into two positions.

---

[1] Because plaintiff has abandoned all her claims save for a very narrow retaliation claim, the details of the various hiring decisions originally challenged are no longer relevant. These facts are thus highly abbreviated.

Plaintiff, as well as four other candidates, applied for one of the new positions. A search committee voted unanimously not to advance plaintiff's application due to her poor communication skills and "confrontational" interactions with others.

In 2010, plaintiff also applied for a new Director of General Education position. Plaintiff was one of eight candidates "shortlisted" for the job. Following a telephone interview, however, the search committee rated plaintiff unfavorably as to leadership and communication skills, placing her sixth out of the eight applicants. The committee voted unanimously not to advance plaintiff to on-campus interviews.

On May 24, 2011, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), as well as this lawsuit, alleging claims for gender discrimination and a violation of the Equal Pay Act in relation to the two positions for which she applied in 2010. (Doc. 1).

At the end of the 2011-12 school year, the Chairperson of the History Department resigned due to health issues. The Dean requested faculty input as to who should serve as an interim Chair, and eight faculty members voted that plaintiff should not be appointed due to her abrasive

2

interactions with co-workers.  The Dean ultimately named a male professor as Interim Chair.

On April 16, 2012, plaintiff filed a second charge with the EEOC alleging discrimination and retaliation in relation to the Interim Chair position.

On May 7, 2012, plaintiff requested, through a department coordinator, that NKU pay $2,000 tuition for religion courses plaintiff wanted to take at the College of Mount St. Joseph in Cincinnati, Ohio.  Beth Sweeney, Associate Provost for Administration, denied this request on the grounds that NKU does not generally pay for employees to take courses at private colleges that fall outside the university's tuition waiver policy for courses at Kentucky institutions.

On June 5, 2012, plaintiff filed a First Amended Complaint adding claims for sex discrimination, retaliation, and age discrimination arising out of the failure to appoint her as the interim Chairperson of the History Department in early 2012, as well as denial of her tuition request.  (Doc. 25).

Defendant filed its motion for summary judgment on October 4, 2012.  In her response, plaintiff states that she has withdrawn all claims except her claim for

3

retaliation based in the denial of her tuition request in May 2012. (Doc. 40 at 2).

## *Analysis*

### A. <u>Administrative Exhaustion</u>

Defendant's first argument is that plaintiff's retaliation claim should be dismissed because it was not raised in her EEOC charge. (Doc. 36-1 at 21 n.8).

As a prerequisite to bringing suit under Title VII, a claimant must generally exhaust her administrative remedies by filing a charge with the EEOC prior to filing suit in court. *Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 470 (6th Cir. 2008) (citation omitted).

The Sixth Circuit has held, however, that "retaliation growing out of the EEOC charge is reasonably foreseeable and therefore a plaintiff is not required to file yet another EEOC charge." *Id.* at 474 (citation omitted). Retaliation occurring prior to the filing of a charge, or retaliation arising from some protected activity other than the filing of a charge, must still be administratively exhausted. *Id. See also Bhama v. Mercy Mem. Hosp. Corp.*, No. 08-11560, 2009 WL 2595543, at *6-7 (E.D. Mich. Aug. 20, 2009) (discussing this distinction).

Under this authority, plaintiff was not required to file a third EEOC charge concerning the denial of her

4

tuition request because her claim alleges retaliation which is said to be causally related to her prior charge of discrimination. Summary judgment on this basis is thus not appropriate.

    B.    **Merits of Retaliation Claim**

To establish a prima facie case of retaliation, plaintiff must establish that: (1) she engaged in activity protected by Title VII; (2) the exercise of her civil rights was known to the defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. *Arendale v. City of Memphis*, 519 F.3d 587, 606 (6th Cir. 2008) (citation omitted).

"While temporal proximity between an assertion of Title VII rights and an adverse employment action provides highly probative evidence of a causal connection, 'temporal proximity alone will not support an inference of retaliatory discrimination when there is no other compelling evidence.'" *Id.*

If the plaintiff establishes a prima facie case of retaliation, the burden of production then shifts to the defendant to proffer a non-discriminatory reason for the adverse employment action. *Ladd v. Grand Trunk Western*

5

*R.R., Inc.*, 552 F.3d 495, 502 (6th Cir. 2009) (citation omitted). Once the defendant does so, "the burden of production shifts back to the plaintiff to demonstrate that the proffered reason was mere pretext." *Id.* The burden of persuasion, however, remains at all times with the plaintiff. *Id.*

Here, plaintiff cannot raise a prima facie case of retaliation because there is no evidence that Beth Sweeney, who denied the tuition request, knew of plaintiff's protected activity. Moreover, the undisputed facts show that when Sweeney rejected the request that the History Department be permitted to use its credit card to cover tuition for a staff member, Sweeney did not even know on whose behalf the request was being made.

On May 7, 2012, Janice Rachford, Academic Coordinator for the History Department, sent an email to Sweeney, stating:

> Hi Beth,
>
> I just spoke with Jeff in Purchasing regarding a request by my chair for a full time faculty person requesting $2000 to be paid toward 2 classes at Mount Saint Joseph this summer because the amount is over our Mastercard daily/one time dollar limit. I wasn't sure how to pay this. Jeff said I'd need to email you to find out if the department would be permitted to charge or pay this type of fee for anyone. If you need the invoice, let me know and I'll scan it to send to you for your review.

6

>Thanks,
>Jan

(Doc. 40-5 at 4).

Within minutes, Sweeney responded:

>Jan,
>
>**It is not appropriate for the university to pay for courses for someone to take classes, especially if the courses are not NKU courses.** As a matter of fact, we recently had a situation in which a department wanted to cover NKY tuition for an academic assistant who had exhausted her tuition waivers for the year. The answer to her, even with it being an NKU course was "no."
>
>Let me know if you need anything additional.
>
>Thanks,
>Beth

(Doc. 40-5 at 3) (emphasis added).

Thus, at the time that Sweeney made this decision, she did not even know on whose behalf the request had been made. Although Sweeney later learned that it was on behalf of plaintiff, and she then reiterated her response based on the school's tuition waiver policy, this is no indication of any knowledge which would support an inference of a retaliatory motive.

Moreover, plaintiff has adduced no evidence that Sweeney even knew of plaintiff's then-recent EEOC charge, and defendant has submitted an affidavit from Sweeney in

7

which she avers that she did not.  (Sweeney Aff. ¶ 2, Doc. 41-2).

As a matter of law, therefore, plaintiff cannot raise a prima facie case of retaliation.

Even if plaintiff could make out a prima facie case of retaliation, she nonetheless has raised no triable issue of pretext.  Defendant has stated its non-retaliatory reason for denying the request: NKU's Tuition Waiver Policy (Doc. 41-3) permits faculty to take courses at NKU or other Kentucky universities/colleges, up to a certain number of credits per year, and have the tuition waived.  The policy applies only to institutions within the Kentucky system.

While plaintiff argues that her department chair, Paul Tenkotte, approved a similar request the previous year, there is no evidence that he did so with the knowledge or approval of the NKU Administration.  Indeed, Sweeney avers that Tenkotte was without the authority to approve such a request.  (Sweeney Aff. ¶ 6).

Moreover, the evidence submitted by plaintiff shows that the situation in 2011 was different: no direct request for tuition payment was made to the administration, rather Tenkotte agreed to provide plaintiff tuition assistance in lieu of her annual travel reimbursement.  (Doc. 40-5 at 1). There is no evidence that Sweeney was aware of or involved

8

in that decision, and no inference of retaliatory motive thus arises from her handling of the different request a year later.

For these reasons, plaintiff raises no triable issue of retaliation, and defendant is entitled to summary judgment.

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that defendant's motion for summary judgment (Doc. 36) be, and is hereby, **GRANTED**.  A separate judgment shall enter concurrently herewith.

This 11th day of March, 2013.



Signed By:
William O. Bertelsman
United States District Judge

9